**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division**

| | | |
|---|---|---|
| DHARMENDRA KUMAR | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No: ELH-20-1497 |
| | : | |
| FIRST ABU DHABI BANK USA N.V. | : | |
| | : | |
| Defendant. | : | |

_____

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
<u>MOTION TO DISMISS PLAINTIFF'S COMPLAINT</u>**

Defendant, First Abu Dhabi Bank USA N.V. (the "Bank"), by and through undersigned counsel, respectfully submits this memorandum in support of its motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

**INTRODUCTION**

Dharmendra Kumar, representing himself, appears to attempt to bring claims alleging discrimination based on race, age, disability, and genetic information. *See* June 5, 2020 Complaint, ECF No. 1, at 4. The Bank brings this motion to dismiss on two primary grounds.

First, Mr. Kumar failed to file suit within ninety days of receiving a "Dismissal and Notice of Rights" letter from the Equal Employment Opportunity Commission ("EEOC"). The Court should dismiss the Complaint, with prejudice, as time-barred.

Second, even if the Court excuses the suit's untimeliness, the Complaint fails to satisfy the basic pleading requirements required to subject the Bank to a federal court lawsuit. Even though Mr. Kumar is not required to plead a *prima facie* case of discrimination at this pleadings stage, the Complaint's thin allegations fail to satisfy a federal court's pleading requirements. For example, the Complaint fails to allege (1) any unlawful discriminatory conduct; (2) that any unlawful

1

discriminatory conduct caused any adverse employment action, and/or (3) that the Bank was his employer or that any facts exist that would otherwise subject the Bank to non-employer liability. Even more importantly, for each of the specific causes of action that Mr. Kumar apparently attempts to bring, none state viable causes of action upon which relief may be granted for additional reasons as explained herein.

## BACKGROUND

Mr. Kumar's Complaint, read most favorably to him as is required at this stage of the proceedings, alleges that he has "an anxiety disorder as well as hypertension and diabetes." *See* Compl. at 6. The Complaint references three alleged instances where the CEO of the Bank "used hostile and abusive language" with him, and another in which someone (presumably the "head of IT operation") asked Mr. Kumar his age and/or a "personal family question." *Id.* Mr. Kumar states that he has constant chest pain because of alleged harassment and age discrimination, that he was admitted to the hospital for acute chest pain and other issues in mid-April 2019, and that he has suffered because of this pain. *Id.*

Although not evident from the Complaint, by way of background, the Bank is a wholly owned subsidiary of First Abu Dhabi Bank, an international bank based in the United Arab Emirates. The Bank maintains a branch in Washington, D.C., located at 1430 K Street NW under a license granted by the Office of the Comptroller of the Currency. The Bank provides an array of services and credit facilities to its domestic and international clients, with a focus in corporate and investment banking, personal banking, and private banking. The Bank contracted with DISYS, an IT-staffing provider headquartered in McLean, Virginia to obtain certain IT professional consulting services including select staff, one of which was Mr. Kumar. DISYS, which employed Mr. Kumar, contracted with the Bank to provide his services from January 29, 2019 through April 28, 2019, and then extended the contract through July 31, 2019.

On October 20, 2019, Mr. Kumar filed a Charge of Discrimination with the EEOC's Washington, D.C. field office.[1] The Charge alleges an employment relationship, albeit mistakenly, alleges that Mr. Kumar was subject to a hostile work environment, and that he was discriminated against based on age, disability, and race.[2] In the Charge, Mr. Kumar checked the boxes on the form for alleged discrimination based on age, disability, and race. He also checked the box for retaliation, but the "particulars" described acknowledge that he did not make any alleged complaint until after his alleged termination. Ex. A ("I was terminated, and then went to complain about the harassment I had endured."). The Bank filed a position statement with the EEOC and the EEOC issued a *Dismissal and Notice of Rights* determination of no findings and provided Mr. Kumar with a right-to-sue letter, which provides, "Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost." Ex. B (emphasis in the original). The EEOC mailed the letter on March 2, 2020. Mr. Kumar filed this case on June 5, 2020. *See* Compl.

**ARGUMENT**

**I.     Mr. Kumar's Case Is Untimely and Time-Barred.**

The statutes on which Mr. Kumar's allegations must rely require a plaintiff to commence a court action within ninety days of receipt of a right-to-sue letter from the EEOC. *See, e.g.*, 42 U.S.C. § 12117 (ADA); 42 U.S.C. § 2000e–5 (Title VII); 29 U.S.C. § 626(e) (ADEA). The ninety-

---

[1] The Complaint does not explain how venue is proper for this action. Mr. Kumar filed his EEOC Charge in Washington, D.C., the Bank is located in D.C., and none of the facts alleged by Mr. Kumar are alleged to have occurred in Maryland. The Bank alternatively contends that the Court should dismiss the case for improper venue pursuant to Rule 12(b)(3).

[2] This Court has recognized that courts commonly consider EEOC charges as integral to a plaintiff's complaint such that they can be considered on a motion to dismiss even if not attached to the plaintiff's complaint. *See Bowie v. Univ. of Md. Med. Sys.*, ELH-14-03216, 2015 WL 1499465, at *3 n.4 (D. Md. Mar. 31, 2015) (citing, among other cases, *Rhodes v. Montgomery Cty. Dep't of Corr. & Rehab.*, AW-12-03172, 2013 WL 791208, at *6 (D. Md. Mar. 1, 2013)).

day period begins to run on the date that the claimant receives the right-to-sue letter. *See Davis v. Va. Commonwealth Univ.*, 180 F.3d 626, 628 (4th Cir. 1999); *Cepada v. Bd. of Educ. of Baltimore Cty.*, WDQ-10-0537, 2010 WL 3824221, at *3 (D. Md. Sept. 27, 2010).

Here, Mr. Kumar's Complaint does not specify the date on which he received the letter. *See* Compl., ECF No. 1. Where the receipt is uncertain or otherwise disputed, courts presume that the letter was received within three days of the date upon which it was mailed. *See Brown v. City of Baltimore Dep't of Transp.*, No. RDB 08–2549, 2009 WL 10684893, at *3 (D. Md. May 5, 2009); *Darden v. Cardinal Travel Ctr.*, 493 F. Supp. 2d 773, 776 (W.D. Va. 2007) (citing *Ish v. Arlington Cty.*, 918 F.2d 955 (Table), 1990 WL 180127, at *1–2 (4th Cir. Nov. 21, 1990) (unpublished)). Applying this presumption, Mr. Kumar received the March 2, 2020 letter by March 5, 2020. The 90-day period thus expired on June 3, 2020, two days before Mr. Kumar filed his Complaint.[3]

This 90-day filing requirement is not jurisdictional for suit in federal court, but operates like a statute of limitations subject to principles of waiver, estoppel, and equitable tolling. *See Bowie v. Univ. of Md. Med. Sys.*, No. ELH-14-03216, 2015 WL 1499465, at *7 (D. Md. Mar. 31, 2015) (citing *Laber v. Harvey*, 438 F.3d 404, 429 n.25 (4th Cir. 2006)). Nonetheless, the Fourth Circuit has explained that this ninety-day requirement is to be strictly enforced, even if the plaintiff is *pro se*. *See Harvey v. City of New Bern Police Dep't*, 813 F.2d 652, 654 (4th Cir. 1987) (finding an action filed ninety-one days after the claimant's wife received the notice was not timely); *see Shelton v. Atlantic Bingo Supply Co.*, No. DKC 11-0952, 2011 WL 4985277, at *2 (D. Md. 2011)

---

[3] Mr. Kumar dated his Complaint May 29, 2020. ECF No.1, at 8. Courts have held that the date the complaint is filed governs the determination as to whether a discrimination suit is time-barred under 42 U.S.C. § 2000e–5, and not the date plaintiff dated and/or signed the complaint. *See Reid v. Columbia Gas of Virginia*, No. 2:08CV548, 2009 WL 10731055, at *1 (E.D. Va. Feb. 27, 2009) ("Unfortunately for [pro-se] Plaintiff, the date Plaintiff dated the Complaint does not govern.").

("Despite Plaintiff's *pro se* status, the law is clear that the ninety-day filing requirement must be strictly construed in employment discrimination cases."). Mr. Kumar's Complaint does not indicate any reason why it may have been filed untimely that would allow principles of equitable tolling to excuse its tardiness.

This Court has explained that it applies equitable tolling in two situations. *See Bowie*, 2015 WL 1499465, at *7 (relying on *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)). In the first, some wrongful conduct by the defendant must have prevented the plaintiff's compliance. *Id.* (citing *Harris*, 209 F.3d at 330). In the second, "extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time." *Id.* Neither situation is present here.

In *Bowie v. University of Maryland Medical System*, this Court considered a similar filing. *Id.* at *7–8. In that case, the plaintiff's ninety-day filing deadline required suit to be filed by October 9, 2014, but the plaintiff filed suit one day late, on October 10, 2014. *Id.* at *8. The Court rejected equitable tolling to excuse the late filing based on alleged disrupted home internet access and other reasons. *Id.* The Court emphasized that there was no reason why the filing could not have been made on October 9, "or any of the eighty-nine days before then." *Id.* The Court concluded, "Plaintiff's claims are far from sufficient to invoke serious consideration of the extraordinary remedy of equitable tolling; the doctrine does not extend 'to what is at best a garden variety claim of excusable neglect.'" *Id.* (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)). The Court should dismiss this suit as time-barred.

## II. Even if the Complaint Had Been Timely, the Complaint Still Fails To State a Claim Upon Which Relief May Be Granted.

### A. Standard

Whether a complaint states a claim for relief is assessed under the requirements of Federal Rule 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is

5

entitled to relief." *See Brown v. Target, Inc.*, ELH-14-00950, 2015 WL 2452617, at *8 (D. Md. May 20, 2015). The purpose of the rule is to allow the defendant "fair notice" of the claims being made and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 n.3 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Federal pleading requirements do not impose dismissal for an imperfect statement of the legal theory supporting the asserted claim, *Johnson v. City of Shelby*, -- U.S. --, 135 S. Ct. 346, 346 (2014) (per curiam), but "more than bald accusations or mere speculation" is required. *Brown*, 2015 WL 2452617, at *8 (citing *Twombly*, 550 U.S. at 555); *see also Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). The complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Brown*, 2015 WL 2452617, at *8 (quoting *Twombly*, 550 U.S. at 570).

At this stage, the facts alleged must be accepted as true and all reasonable inferences drawn in favor of the plaintiff. *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011). The Court "is not required to accept legal conclusions drawn from the facts." *Brown*, 2015 WL 2452617, at *8 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *Monroe v. City of Charlottesville*, 579 F.3d 380, 385–86 (4th Cir. 2009), *cert. denied*, 559 U.S. 991 (2010). The Court should grant the Rule 12(b)(6) motion to dismiss if "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Brown*, 2015 WL 2452617, at *9 (quoting *Iqbal*, 556 U.S. at 679).

For complaints alleging unlawful discrimination, even though at the merits stage the plaintiff would have to establish a *prima facie* case of unlawful conduct, that is not required at the pleading stage. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002); *McCleary-Evans v. Md. Dep't of Transp.*, 780 F.3d 582, 585 (4th Cir. 2015). The complaint, however, must still satisfy the "ordinary rules for assessing the sufficiency of a complaint." *Brown*, 2015 WL 2452617, at *10 (quoting *McCleary-Evans*, 780 F.3d at 585 (quoting *Swierkiewicz*, 534 U.S. at

511)).

The Court has an obligation to liberally construe the pleadings of *pro se* litigants, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), but "liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim" or to "conjure up questions never squarely presented." *See Corneal v. McCurdy*, RDB-19-3393, 2020 WL 1914809, at *2 (D. Md. Apr. 20, 2020) (citing *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990), and quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).

### B.  Defects Applicable to All of Mr. Kumar's Alleged Causes of Action

#### 1.  *Lack of Causation*

Even if Mr. Kumar's allegations are true, there is no allegation that the isolated incidents he describes resulted in some form of adverse consequences to his job. For example, he does not allege that he was terminated or failed to be promoted as a result of any illegal, discriminatory conduct. There is no indication from the allegations that he lost his job for any reason, whether that be an unlawful reason or the mere expiration of his contract term with the entity that employed him and contracted his work to the Bank.

#### 2.  *Lack of Duty*

Mr. Kumar does not allege that the Bank employed him nor does he allege any facts that could expose the Bank to non-employer liability for any of the potential causes of action he alleges. The Bank will not proffer evidence on this point to avoid the Court needing to consider this motion as one for summary judgment, but based on the allegations of the Complaint, no duty is alleged. The Bank notes that the underlying EEOC Charge does allege an employment relationship, which the Bank contested at the EEOC level, and suggests that this may be the cause of Mr. Kumar's failure to allege such a relationship in this Complaint.

### C.     Specific Defects for Each Alleged Cause of Action

#### 1.     Race Discrimination/Title VII

Mr. Kumar's Complaint lists Title VII as one of the federal statutes on which he brings his claim on page 4, section II. A., but none of the allegations in the *Statement of Claim* on page 6 relate in any way to alleged discrimination based on race.  He does not, for example, even identify his race, let alone that the Bank engaged in any unlawful discriminatory conduct, or that any misconduct in anyway adversely affected him such that he is entitled to legal relief.  His EEOC Charge states, "I believe I have been discriminated against due to my race (Asian), in violation of Title VII of the Civil Rights Act of 1964, as amended," but Mr. Kumar appears to have abandoned that allegation for purposes of this lawsuit.  To the extent that the Court construes the Complaint to make out a claim for alleged race discrimination, such claim cannot proceed and should be dismissed for failure to state a claim upon which relief may be granted.  *See also Cobb v. Towson Univ.*, ELH–14–02090, 2015 WL 3654562, at *8–10 (D. Md. June 10, 2015) (granting Rule 12(b)(6) motion to dismiss Title VII claims based on complaint's failure to state a claim, and explaining that to survive a motion to dismiss in an employment discrimination case under Title VII, a plaintiff "must include sufficient factual allegations to show plausibly that the plaintiff suffered an adverse employment action because of her race or protected enforcement activity") (internal citations omitted).

#### 2.     Disability Discrimination

Mr. Kumar's claim for discrimination based on disability stems from his allegations suffering anxiety, hypertension, and diabetes, which he apparently attributes to the Bank's CEO's alleged use of "hostile and abusive language" on three, isolated occasions.  *See* Compl. at 6.  The Americans with Disabilities Act of 1990, as amended (the "ADA"), provides that "[n]o covered entity shall discriminate against a qualified individual with a disability because of the disability of

such individual . . . " 42 U.S.C. § 12112(a).  To state a claim, a plaintiff must be a "qualified individual with a disability," defined as "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires."  42 U.S.C. § 12111(8); *Riley v. Weyerhaeuser Paper Co.*, 898 F. Supp. 324, 326 (W.D.N.C. 1995).

Here, Mr. Kumar presents no facts to support that he suffers and/or suffered from a disability while he performed services for the Bank, or that such a disability may have met the requirements for ADA protection.  Nor does Mr. Kumar allege that he requested from the Bank (or his actual employer, DISYS), any employment accommodation to address his alleged disability or that the Bank took any adverse action against him because of his alleged disability.

Mr. Kumar's allegations of disability discrimination are too thin to sustain his claim.  The Court should dismiss any cause of action alleging disability discrimination or violations of the ADA.

        *3.*      *Age Discrimination*

Similarly, the Complaint's allegations based on age discrimination are thin.  Mr. Kumar alleges "age discrimination" "by head of IT operation (Defendant) at work place by asking Plaintiff age at work place knowing plaintiff over the age of 40 years."  *See* Compl. at 6.  This apparently is the extent of the factual basis supporting this claim.  The EEOC Charge additionally stated that certain individuals "asked how old I was on a multitude of occasions and made comments that those younger than me would charge less money for work."  *See* Ex. A.  Even if this allegation was added to the Complaint, the Complaint still would fail to allege how such isolated comments, even if true, amounted to unlawful age discrimination or caused any adverse consequence to Mr. Kumar.  *See* ADEA, 29 U.S.C. § 623(a) (stating employers may not "discriminate against any individual with respect to . . . compensation, terms, conditions, or privileges of employment,

because of such individual's age" and may not "limit, segregate, or classify . . . employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect [one's] status as an employee because of such individual's age. . . ."); *see also Brown*, 2015 WL 2452617, at *10 (dismissing age discrimination allegations despite allegations that "younger and mostly white store clerks" were given "promotional opportunities" that plaintiff was denied); *McCleary-Evans*, 780 F.3d at 585–88 (affirming district court's grant of motion to dismiss based on thin allegations of discrimination); *Freeman v. Beverly*, No. 8:19-cv-1784PX, 2020 WL 2747392, at *5–6 (D. Md. May 27, 2020) (dismissing age discrimination claims where no facts supported inference that plaintiff was rejected because of age).

### 4. *Discrimination Based on Genetic Information*

Mr. Kumar lists the Genetic Information Nondiscrimination Act ("GINA") as a basis for federal question jurisdiction on page four, section II. A. of the Complaint, but he alleges no facts that in any way implicate such Act. Simply, he does not allege any discrimination based on genetic information. Even if he did, however, the Court would lack subject matter jurisdiction over such claim because he failed to raise this with the EEOC. *See Brown*, 2015 WL 2452617, at *5–7 (dismissing claims not raised in EEOC Charge for lack of subject matter jurisdiction); *Bowie*, 2015 WL 1499465, at *4 ("The Fourth Circuit has consistently found that plaintiffs failed to exhaust claims where the complaint alleged a violation on a forbidden basis (*i.e.*, race or sex) not alleged in any EEOC Charge.") (internal citations omitted); *see id.* at *5 (explaining that GINA expressly incorporates Title VII's exhaustion requirements for employees covered by Title VII in 42 U.S.C. § 2000ff–6(a)(1)); *Echols v. Living Classrooms Found., Inc.*, WDQ-13-03156, 2014 WL 6835559, at *7 (D. Md. Dec. 2, 2014) (dismissing GINA claim for lack of subject matter jurisdiction where EEOC Charge did not include GINA claim).

     *5.*    *Retaliation*

To the extent that Mr. Kumar is raising any form of claim for retaliation, which he did in his EEOC Charge, he apparently has abandoned such claim as there are no factual allegations sufficient to state such a claim in the Complaint. Even if, however, he had included the alleged retaliation facts that he included in his EEOC Charge within the Complaint, such facts could not state a proper cause of action because the Bank's alleged knowledge came after any alleged adverse action. *See* Ex. A ("On August 1, 2019, I was terminated, and then went to HR to complain about the harassment that I had endured.").

## CONCLUSION

The Court should dismiss this Complaint with prejudice as time-barred. However, even if the Court excuses the untimely filing, the Court should dismiss the Complaint because it fails to state a claim upon which relief may be granted. Simply put, no facts are provided to support a reasonable inference that Mr. Kumar's work relationship was negatively affected for any unlawful discriminatory reason.

Dated: August 12, 2020                     Respectfully submitted,

                                                    */s/ Samir A. Aguirre*
                                                    Matthew Gatewood (Bar No. 14111)
                                                    Samir A. Aguirre (Bar No. 19400)
                                                    EVERSHEDS SUTHERLAND (US) LLP
                                                    700 Sixth Street, N.W., Suite 700
                                                    Washington, DC 20001-3980
                                                    (202) 383-0100 (telephone)
                                                    (202) 637-3593 (facsimile)
                                                    mattgatewood@eversheds-sutherland.com
                                                    samiraguirre@eversheds-sutherland.com

                                                    *Attorneys for Defendant First Abu Dhabi Bank USA N.V.*